IN THE
TENTH COURT OF APPEALS



No. 10-11-00310-CV

RMDG CONSTRUCTION, LLC D/B/A DUDLEY
GENERAL CONTRACTORS AND DUDLEY
CONSTRUCTION, LTD D/B/A R.M. DUDLEY
CONSTRUCTION COMPANY,

                                                              Appellants

 v.

OAKWOOD CUSTOM HOMES GROUP, LTD
AND INSURORS INDEMNITY COMPANY,

                                                              Appellees

From the 361st District Court
Brazos County, Texas
Trial Court No. 07-002207-CV-361

## MEMORANDUM OPINION

RMDG Construction, LLC d/b/a Dudley Construction (Dudley) filed suit against Oakwood Custom Homes Group, LTD, and Insurors Indemnity Group for breach of contract, quantum meruit, and action on the bonds. Oakwood filed a counter-petition alleging breach of contract and other claims. The jury found that both parties materially breached the contract, but that each party's breach was excused. The trial

court entered judgment that Dudley take nothing against Oakwood and Insurors Indemnity and that Oakwood and Insurors Indemnity take nothing against Dudley. Dudley and Oakwood both appeal from the trial court's judgment. We affirm.

## Sufficiency of the Evidence

In the first issue, Dudley argues that there is no evidence to support a finding that Dudley materially breached the contract first. Dudley contends that the evidence establishes that Oakwood was the first to materially breach the contract. In the second issue, Dudley contends that the evidence is insufficient to support the jury's finding that Oakwood's breach was excused.

In reviewing a legal sufficiency challenge to the evidence, we credit evidence that supports the verdict if reasonable jurors could have done so and disregard contrary evidence unless reasonable jurors could not have done so. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005). We will sustain a legal sufficiency challenge when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

**Background Facts**

Oakwood, a residential homebuilder and developer, contracted to develop a new residential subdivision to be named Horse Haven Estates. Mark Dudley is a principal in several construction corporations. Oakwood and Dudley entered into a contract

where Dudley was to provide grading work, installation of a sewer system, installation of a water-line system, and streets for the subdivision. The contract included a time is of the essence provision and stated that the work would be completed within 60 days for Phase II and 90 days for Phase III allowing for two weeks for the pre-ordering of materials. The contract further provided that Oakwood would make progress payments on or about the 30th day of each month based upon Dudley's applications for payment. The payments were required to be made within ten days from the date of submission of the pay application.

The contract further provided that Oakwood "is responsible for removing all structures (barns, mobile homes, septic systems, fences, concrete slabs, etc.) and trees before [Dudley] is to proceed with their portion of the Contract." Oakwood was to employ and pay for the services of an independent testing laboratory to perform all inspections, tests, or approvals required by the contract documents. The contract further stated that "[b]efore starting work, [Oakwood] will furnish [Dudley] 'set aside' letter from his lending institution which will state that the contract amount has been placed in an account for which the sole purpose is to pay [Dudley]…"

The record shows that Oakwood did not provide a set-aside letter as provided in the contract and that Oakwood did not remove all the trees and structures from the job site as provided in the contract. Dudley, however, began work on the project. There were many delays, and the project was not timely completed. Oakwood removed Dudley from the job and hired another contractor to complete the project. Oakwood made payments to Dudley for the first three pay applications, but the fourth and fifth

pay applications remain unpaid.  Dudley filed three liens related to the contract, and Oakwood filed bonds to indemnify against the liens.  The liens remain on file.

**Jury Findings**

The jury found that Dudley Construction Ltd. and Oakwood Custom Homes, Ltd. intended to bind themselves mutually to the contract.  The jury further found that both Dudley and Oakwood failed to comply with the contract and that the failure to comply was material.  The jury determined that both Dudley and Oakwood's failure to comply was excused.  Because the jury found that both parties material breach was excused, the jury did not award either party damages.

**Analysis**

Dudley argues that there is no evidence that Dudley materially breached the contract first and that the evidence shows that Oakwood was the first to materially breach the contract.  It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance.  *Mustang Pipeline Company, Inc. v. Driver Pipeline Company, Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).  Dudley contends that Oakwood materially breached the contract by:

- failing to remove all structures and trees before Dudley began work on the project,
- failing to furnish the set aside letter before Dudley began work,
- failing to pay for inspections and tests,
- failing to furnish materials to maintain access to the Kolbe tract,
- failing to timely pay the pay applications submitted by Dudley, and
- failing to extend the contractual deadlines for delays beyond Dudley's control.

Dudley argues that it was excused from performing under the contract because of the prior material breach by Oakwood.

In *Mustang Pipeline Company, Inc. v. Driver Pipeline Company, Inc.*, both parties obtained favorable jury findings as to the other's breach of contract, and both parties moved for judgment notwithstanding the verdict. Mustang asked the trial court to disregard the jury's finding that Mustang wrongfully terminated the contract arguing that once the jury found Driver breached the contract, it could not also find that Mustang wrongfully terminated the contract because a breaching party cannot subsequently enforce the contract. *Mustang Pipeline Company, Inc. v. Driver Pipeline Company, Inc.*, 134 S.W.3d at 197. The Court stated that the "problems could have been avoided had the trial court submitted the breach of contract question disjunctively accompanied by an appropriate instruction directing the jury to decide who committed the first material breach." *Mustang Pipeline Company, Inc. v. Driver Pipeline Company, Inc.*, 134 S.W.3d at 200. However, the Court found that the evidence established that Driver materially breached the contract and that Mustang was discharged from its duties under the contract. The Court held that the trial court should have granted Mustang's judgment notwithstanding the verdict. *Id*.

In the case before us, the jury was not asked to determine which party was first to materially breach the contract. Dudley did not object to the charge or request an instruction on who was first to materially breach the contract. Dudley did not seek a judgment notwithstanding the verdict to set aside the jury's finding that Dudley materially breached the contract.

There was conflicting evidence on which trees and structures were to be removed prior to Dudley beginning work on the project. The record shows that Dudley began work on the project before all the trees and structures were removed and before Oakwood provided the set aside letter, even though they were required to occur before Dudley began work. There is evidence that Oakwood breached the contract by failing to timely pay Dudley, and there is evidence Dudley breached the contract by failing to timely complete the project. The jury found that both parties materially breached the contract and that both parties' breach was excused. Dudley asserts several breaches by Oakwood and contends that the breaches by Oakwood were prior to the breach by Dudley. However, the jury's answers do not indicate which breach alleged by Dudley that they found to be material. We cannot conclude that the evidence is legally sufficient to establish that Oakwood materially breached the contract first. Unlike *Mustang Pipeline Company, Inc. v. Driver Pipeline Company*, we cannot determine based upon the record before us that the evidence conclusively establishes that Oakwood materially breached the contract first discharging Dudley from performing under the contract. We overrule the first issue.

**Excuse**

Dudley also contends that there is no evidence to support the jury's finding that Oakwood's breach of the contract was excused. The jury was instructed that failure to comply is excused:

    a.  By the non-occurrence of certain acts or events that must have occurred prior to Dudley's right to immediate performance.

b. By Dudley's previous failure to comply with a material obligation of the same agreement.

c. If compliance is waived by Dudley.

"Waiver" is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Again, the jury was not asked to determine which party was the first to materially breach the contract. The evidence does not conclusively establish that Oakwood was the first to materially breach the contract. Therefore, we cannot conclude that the evidence is legally insufficient to support a jury finding that Oakwood's breach of the contract was excused by Dudley's prior material breach. We overrule the second issue.

## Damages

In the third issue, Dudley argues that the record conclusively establishes that Dudley's damages include the invoiced amount in the fourth and fifth pay applications. Because of our disposition of the first and second issues, we need not address the third issue. *See* TEX. R. APP. P. 47.1

## Liens

Oakwood brings two issues on appeal as cross-appellant. Oakwood first contends that the evidence at trial conclusively establishes that the mechanic's and materialman's liens filed by Dudley are fraudulent as a matter of law. The contract stated that it was an agreement between Dudley Construction L.L.C and Oakwood Custom Homes Group, Ltd. Mark Dudley testified at trial that he owns several companies and does business under each company. Mark Dudley stated that his main construction company is Dudley Construction Ltd. He stated that the contract

erroneously named Dudley Construction "LLC" rather than "Ltd." Mark Dudley further testified that Dudley Construction Ltd. and RMDG both do construction work. Mark Dudley intended to do the project under RMDG construction, but switched the job to Dudley Construction Ltd. because of the additional insurance and bonding.

> The jury was asked to determine the following:
>
> For each of the following liens, did either RMDG Construction L.L.C. d/b/a Dudley General Contractors or Dudley Construction Ltd. make, present or use a fraudulent lien with the intent that the document be given the legal effect of evidencing a valid lien to cause Oakwood Custom Homes Group, Ltd. to suffer financial injury?
>
> March 13, 2006 Affidavit for Mechanic's & Materialman's Lien
> Answer "Yes" or "No"_____
>
> September 15, 2006 Affidavit for Mechanic's & Materialman's Lien
> Answer "Yes" or No" _____
>
> December 15, 2006 Affidavit for Mechanic's & Materialman's Lien
> Answer "Yes" or "No" _____
>
> A lien is "fraudulent" if at the time the lien was filed, the party who filed the lien made a material false representation with the lien document, and such representation was either known to be false when made or was asserted without knowledge of its truth.

The jury answered "no" to each of the three questions on the liens. Oakwood filed a motion for judgment notwithstanding the verdict asking the trial court to set aside the jury's answers on the fraudulent liens, render judgment for Oakwood, and award damages.

The denial of a motion for judgment notwithstanding the verdict is reviewed under a no-evidence standard. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). We credit evidence favoring the jury verdict if reasonable jurors could, and disregard

contrary evidence unless reasonable jurors could not. *Id.* at 827. We will uphold a judgment based on the jury's finding if more than a scintilla of competent evidence supports it. *Tanner v. Nationwide Mutual Fire Insurance Co.*, 289 S.W.3d 828, 830 (Tex.2009). Therefore, we must decide whether the evidence presented at trial could allow reasonable and fair-minded people to reach the verdict under review. *Id.*

Section 12.002 of the Texas Civil Practice and Remedies Code provides:

(a) A person may not make, present, or use a document or other record with:

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
(3) intent to cause another person to suffer:
    (A) physical injury;
    (B) financial injury; or
    (C) mental anguish or emotional distress.
    …

(b) A person who violates Subsection (a) or (a-1) is liable to each injured person for:

    (1) the greater of:
        (A) $10,000; or
        (B) the actual damages caused by the violation;
    (2) court costs;
    (3) reasonable attorney's fees; and
    (4) exemplary damages in an amount determined by the court.

(c) A person claiming a lien under Chapter 53, Property Code, is not liable under this section for the making, presentation, or use of a document or

other record in connection with the assertion of the claim unless the person acts with intent to defraud.

TEX. CIV. PRAC. & REM. CODE ANN. 12.002 (West Supp. 2013).

Oakwood claims that the liens were fraudulent because two of the liens were filed by RMDG and RMDG did not perform any labor or provide materials to Oakwood. Oakwood was billed for the project by RMDG and made payments under that billing name. Mark Dudley owns all of the companies involved in the project with Oakwood. Mark Dudley testified that the liens were filed under the RMDG name because the invoices to Oakwood were in that name. The record does not show that Dudley acted with intent to defraud Oakwood in filing the liens under the RMDG name.

Oakwood argues that the liens are fraudulent because they encumber property outside the 14.43 acres involved in the project. Mark Dudley agreed that he filed the lien on 29 acres of Horse Haven rather than the approximately 14 acres involved in the project. Mark Dudley stated that he believed the lien was good for the other properties because the work he performed increased the value on other areas of Horse Haven Estates. He further stated that he did not intend to harm Oakwood and that he filed the liens to secure payment. The jury could have reasonably found that Dudley did not intend to defraud Oakwood in filing the lien.

Oakwood next argues that the liens are fraudulent because they contain an inaccurate amount allegedly owed by Oakwood. Oakwood argues that the lien amount was $81,860.39 and that the fourth pay application was for the amount of $80,928.85.

Mark Dudley testified that he believes that the amount of $81,860.39 remains unpaid on the project. Mark Dudley stated that the higher amount reflects revisions that were made at the request of the engineer. The record does not show that the lien was fraudulent. The evidence does not conclusively establish that any of the liens are fraudulent as a matter of law. We overrule Oakwood's first issue. In the second issue, Oakwood argues that it is entitled to receive statutory damages under Section 12.002 of the Texas Practice and Remedies Code as a matter of law. Because we found that the liens were not fraudulent, we need not address the second issue. TEX. R. APP. P. 47.1

**Conclusion**

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 5, 2014
[CV06]